**RELIABLE VOLKSWAGEN SALES AND SERVICE COMPANY, Inc., Plaintiff,**

v.

**WORLD–WIDE AUTOMOBILES CORP., Fifth Avenue Motors, Inc., Queensboro Motors Corp., Volkswagen of America, Inc., Volkswagenwerk, G.m.b.H., Charles J. Dillon and Arthur Stanton, Defendants.**

Civ. A. Nos. 132–59, 554–60.

United States District Court
D. New Jersey.

Dec. 29, 1960.

See also 182 F.Supp. 412.

Horace G. Davis, Jersey City, N. J., for plaintiff, by Louis G. Greenfield, Sidney W. Rothstein, New York City.

Crummy, Gibbons & O'Neill, Newark, N. J., for defendants Volkswagen of America, Inc. and Volkswagenwerk G.m. b.H., by John J. Gibbons, Newark, N. J., and Walter Herzfeld, Bernard J. Wald, New York City, of counsel.

WORTENDYKE, District Judge.

The plaintiff in this litigation is a corporation of the State of Connecticut. It

seeks relief by way of damages for the breach of an alleged oral agreement to furnish it, as a retailer, with a certain minimum number of Volkswagen motor vehicles and supplies of parts therefor. Plaintiff charges that the oral promise or promises upon which it relied were made by the individual defendants Dillon and Stanton; but it alleges that such undertakings were binding upon, because authorized or ratified by, certain of the corporate defendants,—one of the latter, Volkswagenwerk, G.m.b.H. (VW), is a West German corporation, and another of which, Volkswagen of America, Inc. (VOA) is a corporation of the State of New Jersey. The latter is a wholly owned subsidiary of the former, and imports into the United States the products of VW which it distributes to consumers through distributors or dealers. One of the officers of VW, Heinrich Nordhoff, a resident of the West German Republic, is President of VOA. Two other residents of that European country, Manuel Hinke and Karl L. Barths, are employees of VW, engaged in the export department of that organization.

On November 11, 1960 the plaintiff served notice upon the defendants that it would take the depositions of VW and VOA by the foregoing named individuals, pursuant to F.R.Civ.P. 26, 28 U.S.C.A., at the office of the Clerk of this Court in the City of Newark, New Jersey. Prior to the return date fixed in said notices, the defendants VOA and VW duly noticed a motion, on November 25, 1960, pursuant to F.R.Civ.P. 30(b), to vacate the aforesaid notices of depositions, upon the grounds of hardship disclosed in the affidavit of the attorney for the moving defendants annexed to the notice of motion. Other affidavits have been submitted in support of and in opposition to the motion, together with briefs in behalf of the contending parties thereon. The motion was duly argued upon the return of the notice, and the Court has considered the arguments, the briefs and the affidavits.

The plaintiff has orally been examined upon discovery deposition, through its treasurer, by VW and VOA, who have also propounded interrogatories to the plaintiff, which have been answered. The plaintiff has propounded to the VW defendants (served on November 18, 1960) 355 written interrogatories, which still remain unanswered. In addition to the pending unanswered interrogatories propounded by plaintiff to these defendants, plaintiff has also served a request for admissions pursuant to F.R.Civ.P. 36(a). Compliance with that request has not yet been furnished. The information sought by these requests and interrogatories includes some (if not all) of that which the plaintiff desires to obtain by way of the discovery depositions to which the present motion is addressed.

Heinrich Nordhoff, one of the individuals whose deposition is sought by the plaintiff, resides in West Germany and is actively engaged in the executive direction of the business of VW. He is, however, also the President of the New Jersey corporation, VOA. The moving defendants seek to have Nordhoff relieved of the necessity of coming to this District for the purpose of deposing in behalf of VW and VOA, claiming that the business duties of that individual render it imperative that he remain in daily personal contact with the business of his company in West Germany. These moving defendants also urge that if Nordhoff is required to come to the United States for the purpose of this deposition, his doing so will involve great financial expense, as well as a drain upon his strength, and it is asserted by these moving defendants that this witness is without personal knowledge of facts relevant to the issues presented in the case, and that the notice to depose in this District is an unwarranted harassment.

The other two individuals whose depositions are sought are also both residents of West Germany and conced-

edly employees (as distinguished from officers) of the German corporation; but their production for purposes of deposition is sought under the provisions of Rule 37(d) which requires a corporate party to produce a managing agent to depose in its behalf. The already voluminous record in this case does not satisfy me that either Hinke or Barths falls within the "managing agent" category contemplated by the Rule. The general criteria for determining whether an employee of a corporate party is a "managing agent" thereof, so as to require his production as a deponent under Rule 26, are summarized in United States v. The Dorothy McAllister, D.C. N.Y.1959, 24 F.R.D. 316, 318, cited by the plaintiff on this motion, but that case also points out that the question of status as a managing agent "is to be answered pragmatically on an *ad hoc* basis." Plaintiff also correctly points out (Klop v. United Fruit Company, D.C. N.Y.1955, 18 F.R.D. 310) that if the evidence at the trial discloses that the corporate employees whose depositions are sought were not managing agents of the corporation, the use of their depositions on the trial may be precluded. The risk of such a development, however, is not a compensating offset for the expense and other hardship incident in requiring these employees to come from Germany to Newark, New Jersey for the purpose of deposing. The pending motion invokes the exercise of the Court's discretion. It does not conclusively appear, in my view, that either Hinke or Barths is a managing agent of either of the movant corporations. These individuals are referred to in plaintiff's requests for admission merely as employees.

 Nordhoff is unquestionably the top executive officer of VOA. He is, at the same time, in my opinion, a managing agent, if not actually an executive officer of VW. Upon the record before me, however, I cannot determine at this point whether or not Nordhoff will be found to be possessed of relevant facts constituting or tending to lead to ad-

missible evidence upon the trial of the issues raised by the pleadings in this action. While the present forum was not selected by the objecting defendants, (although VW has interposed a counterclaim in the action,) the world-wide scope of the business conducted by VW, and the nation-wide activities on this side of the Atlantic in which its subsidiary VOA is engaged, necessarily expose a corporate executive in the position of Nordhoff to the necessity, if not the probability, of having to travel great distances and to incur substantial expense in furthering the interests of the corporate entity or entities which he represents. While it is the general rule that a corporate officer should be deposed at the place of his residence, or where the business of his corporation is conducted, the peculiar circumstances already disclosed in this litigation, including the inter-corporate relationship between the presently objecting defendants, and the relationship of Nordhoff to each of them, impels me, in the exercise of my discretion, to conclude that Nordhoff, as an executive officer of both movants, may be required to respond to due notice of discovery deposition in behalf of each of the corporations of which he is a representative. However, because of the uncertainty with which I am presently confronted regarding his possession of relevant facts susceptible of discovery by deposition, I shall Defer requiring Nordhoff's compliance with the notice of taking of his deposition until the present movants (1) have responded appropriately to plaintiff's requests for admissions, and (2) shall have answered responsively all of the pending interrogatories which remain unanswered. In order that this case may not be unduly delayed in reaching a status of readiness for trial, I shall presently direct that the moving defendants respond to the requests for admissions within ten days and serve and file responsive answers to the pending interrogatories within thirty days from the date of the order to be entered upon the present motion. Should

the objecting defendants not comply with this requirement, I shall entertain an application by the plaintiff to require the attendance of Heinrich Nordhoff in this District for the purpose of making the deposition requested.

An order, in accord with the views hereinabove expressed, and in form approved by both counsel, or in default of such approval, by the Court, shall be submitted with all convenient speed, for signing and filing.