Kay A. TIETZ and American Mutual Liability Insurance Company, Plaintiffs,

v.

TEXTRON, INC., Textron, Ltd., Foster Machinery Sales Company and Aetna Casualty & Surety Co., Defendants.

No. 80–C–849.

United States District Court, E. D. Wisconsin.

June 16, 1982.

Gibbs, Roper, Loots & Williams by William J. French, Clay R. Williams and Terry E. Nilles, Milwaukee, Wis., for plaintiffs.

Borgelt, Powell, Peterson & Frauen by Frank A. Scherkenbach, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiffs seek an order requiring the defendants to designate and produce certain witnesses to testify at depositions to be conducted in England. The depositions relate to the plaintiffs' efforts to discover details concerning the design, manufacture and sale of a milling machine which was allegedly responsible for Ms. Tietz' injuries.

I had previously established a time limit relative to the completion of discovery and, pursuant to a joint request of counsel, extended that deadline to October 30, 1982. It would appear that the time restraints, even as extended, have pressured counsel into attempting to proceed promptly with their discovery. The depositions in question have been scheduled to commence on June 28, 1982, in Leicester, England. In submitting their motion on May 17, 1982, the plaintiffs sought to have the court expedite the briefing schedule, and I denied that application.

The plaintiffs filed an expansive original brief, and the defendants submitted a comprehensive answering brief. The plaintiffs thereupon submitted a lengthy reply brief. The defendants then not only transmitted a lengthy supplemental letter responsive to the reply brief, but also requested an opportunity "to reply to plaintiffs' position on items initially briefed by the defendants." The latter request is denied. Thereupon, the plaintiffs delivered a letter of position dated June 14, 1982.

In accordance with Rule 30(b)(6), Federal Rules of Civil Procedure, the plaintiffs presented a notice of deposition which asks that the defendants designate individuals to testify concerning certain specific topics. In my opinion, the notice designates these areas "with reasonable particularity." I find that the defendants are required to comply with the plaintiffs' request for examinations. I reach this conclusion notwithstanding the defendants' contention that the procedure is inappropriate in light of the Hague Treaty. The depositions are sought from employees of an American corporation which has a division in England.

It is not an intrusion on the judicial sovereignty of England to expect that the defendants' employees will respond to appropriate discovery under the Federal Rules of Civil Procedure. Indeed, it would seem fair for the court to require the defendants to produce these designated witnesses for discovery within the United States if the intri-

cacies of international law negated the plaintiffs' right to conduct those examinations in England. *Sykes International Ltd. v. Pilch's Poultry Breeding Farms, Inc.*, 55 F.R.D. 138, 139 (D.Conn.1972); *Haviland & Co. v. Montgomery Ward & Co.*, 31 F.R.D. 578, 580 (S.D.N.Y.1962); *Reliable Volkswagen Sales and Service Co. v. The World-Wide Automobiles Corp.*, 26 F.R.D. 592, 594 (D.N.J.1960).

The plaintiffs also seek to compel the attendance of certain named individuals who, the plaintiffs contend, are subject to discovery under Rule (37)(d)(1), Federal Rules of Civil Procedure, on the grounds that each of them is "an officer, director or managing agent." The parties are not in serious disagreement as to the standards of law that govern the determination as to whether an employee is a "managing agent"; however, they vigorously disagree on the application of the standards to the individuals named by the plaintiffs. The plaintiffs place substantial reliance upon the defendants' responses to the interrogatories. The defendants' counsel assert that they were initially given "what might appear to be inconsistent information regarding the employment responsibilities" of the individuals. I find that the following designated individuals qualify as managing agents for purposes of Rule 37(d)(1), Federal Rules of Civil Procedure: Norman Hollis, Roy Hammond and D. Backus. It would appear that the other named individuals (P. Gale, C. Treff and W. Jahnke) are either not in the employ of the defendants currently or are not in England.

The plaintiffs have substantially prevailed on this motion and are entitled to have the defendants pay terms to apply to the plaintiffs' costs and attorney's fees; the terms are to be paid to plaintiffs' counsel within twenty days from the date of this order. The court sets the sum of $300.00 as reasonable costs and attorney's fees. In the event the defendants ultimately prevail in this action, they will not be permitted to tax such terms as an item of costs.

Therefore, IT IS ORDERED that the plaintiffs' motion to compel discovery be

and hereby is granted with regard to the attendance of the designated witnesses and also the following named witnesses: Norman Hollis, Roy Hammond and D. Backus.

IT IS ALSO ORDERED that terms as outlined above be paid by the defendants within twenty days from the date of this order to plaintiffs' counsel as costs and attorney's fees in connection with this motion.