**M & C CORPORATION, Plaintiff,**

v.

**ERWIN BEHR GMBH & CO., KG, Defendant.**

**Civil A. No. 91–74110.**

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 26, 1996.

---

Jack A. Gibson, Jr., Kahn, Kahn & Gibson, P.C., Troy, MI, for Behr Ind Corp.

Richard D. Bisio, David A. Ettinger, Honigman, Miller, Schwartz & Cohen, Detroit, MI, for Erwin Behr GmbH Co.

Russ E. Boltz and John C. Louisell, Cross Wrock, P.C., Detroit, MI, for M & C Corp.

### ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER

GADOLA, District Judge.

Defendant, Erwin Behr GmbH & Co., KG ("Erwin Behr"), brings this motion for a protective order as to the time and location of the deposition duces tecum noticed by the plaintiff, M & C Corporation ("M & C"), pursuant to Federal Rule of Civil Procedure 30(b)(6). Erwin Behr submits that requiring its witnesses to travel to Detroit specifically for a deposition and requiring it to produce numerous documents from Germany would be unduly burdensome. Erwin Behr requests that this court order all depositions and document production to take place in Germany. In the alternative, Erwin Behr requests that any depositions taking place in the United States be scheduled at a time when representatives of Erwin Behr would otherwise be present in the district on other business.

M & C originally brought this action for breach of contract, improper termination of contract and tortious interference with contractual relations against Erwin Behr in 1991, when Erwin Behr terminated an agreement appointing M & C as Erwin Behr's exclusive agent in Canada and the United States for sales of certain "real wood" interior panels for General Motors' luxury cars. Under the terms of that contract, which provided that all disputes arising under the contract would be settled in accordance with the Rules of the Court of Arbitration of the International Chamber of Commerce, this court ordered that the case be arbitrated and stayed the judicial proceedings.

Arbitration was conducted in London, England, before Andrew W.A. Berkeley, distinguished English solicitor and barrister. On March 1, 1994, Arbitrator Berkeley issued an Award under the authority of the International Court of Arbitration. The award granted eleven specific awards, seven of which are relevant to the motions brought by M & C. These seven awards either compel the payment of money by Erwin Behr or require affirmative actions by Erwin Behr to specifically perform continuing contractual obligations owed to M & C under the original contract. The total amount of principal payments required under these awards is $1,976,292.47, which was to be paid in full, irrespective of any other judicial proceeding, by March 31, 1994, the thirtieth day after the date of the awards.

Notwithstanding the mandate of the arbitral award, Erwin Behr did not make any payment on the principal amount of any of these awards. Consequently, M & C sought confirmation of the awards before this court on March 15, 1994. On June 1, 1994, Erwin Behr filed a motion to vacate the arbitral award, specifically contesting the seventh and eleventh awards. These motions were referred to Magistrate Judge Thomas A. Carlson, who issued a Report on December 8, 1994, recommending that M & C's motion to confirm the arbitration award be granted and that Erwin Behr's motion to vacate be denied. This court confirmed the uncontested awards on August 15, 1994 and adopted Magistrate Judge Carlson's Report on March 20, 1995, confirming the contested seventh and eleventh awards. To date, Erwin Behr has not complied with any of the awards.

Erwin Behr has filed this motion for a protective order requiring M & C to conduct certain depositions and document production requests, noticed pursuant to Federal Rule of Civil Procedure 30(b)(6), in Germany, where Erwin Behr and its employees are located. Erwin Behr submits that Rule 30(b)(6) generally requires that discovery be conducted where the corporation in located and that requiring Erwin Behr to produce documents and send employees to Detroit specifically for a deposition would impose an undue burden. Accordingly, Erwin Behr requests that this court require that discovery be conducted in Germany or that it be scheduled in Detroit at a time when representatives of Erwin Behr would otherwise be present in Michigan on other business.

In its response to Erwin Behr's motion, M & C argues that Erwin Behr's complaints of hardship are exaggerated, particularly because its officers are frequently in Michigan to conduct business with Behr Industries Corporation, a subsidiary of Erwin Behr. M & C submits that, in light of Erwin Behr's strategy of delay and its significant presence within the United States, requiring the depositions be conducted in the forum is not only fair but appropriate.

■ The general rule under Federal Rule of Civil Procedure 30(b)(6) is that corporate officers should be deposed at the corporation's principal office and place of business. *Sugarhill Records, Ltd. v. Motown Record Corp.,* 105 F.R.D. 166, 171 (S.D.N.Y.1985). This rule is not, however, without exception and this court has the discretion to determine whether the requested protective relief is warranted. *Reliable Volkswagen Sales & Service Co. v. World–Wide Automobiles Corp.,* 26 F.R.D. 592, 593 (D.N.J.1960).

■ This court has reviewed the record in this case, the relevant submissions of the parties and the authorities discussed above. This court is not convinced that a protective order is either necessary or appropriate in this case. First, this court finds that Erwin Behr's complaints of hardship are exaggerated. Erwin Behr concedes that several of the officers it intends to designate frequently travel to the United States to conduct business. Erwin Behr's only complaint it that, the depositions should be scheduled at a time when the designees would otherwise be here. Problematic with this position is that Erwin Behr has not indicated when these officers will be within the United States, insisting that these officer's schedules have not been finalized. This court does not find this a sufficient ground to justify a prophylactic protective order requiring M & C to travel to Germany to conduct depositions or review documents. Requiring this discovery to take place in Michigan will not impose an undue hardship upon Erwin Behr. *See Reliable Volkswagen,* 26 F.R.D. at 594–95.

Second, Erwin Behr overstates the applicability of the general rule governing the location of depositions. This case is entirely distinguishable from the traditional case in which a plaintiff seeks to depose or require document production from a distant corporation **before** trial. In those cases, the general rule serves to curb or restrain the plaintiff's incentive to harass or intimidate the defendant through burdensome discovery. Where the plaintiff seeks discovery to obtain information which will allow it to collect a judgment against a resistant defendant, the general rule is inappropriate because the incentives are reversed. In this case, Erwin Behr has a strong incentive to delay or avoid discovery. Indeed, this request for a protective order appears to be just another component of a calculated strategy to delay payment of this judgment or to increase the costs of collection for M & C. This court will not permit Erwin Behr to whittle away at M & C's judgment by increasing the costs of collection. Applying the general rule, without regard to the circumstances of this case, would only serve to frustrate M & C's collection efforts and undermine the integrity of this court's judgments.

Finally, Erwin Behr's request for a protective order reflects a cultivated and blatant lack of respect for the authority of this nation's judicial process. Erwin Behr's "you knew we were a German company, so you should have expected this hassle" attitude is disgraceful. This court will not countenance such an attitude by protecting Erwin Behr from the full force and burden of its action in breaching a contract with a United States

corporation. Erwin Behr should be reminded of the equally portentous and unquestionably more accurate consequence of its decision to enter into a contract with a United States corporation, namely, that it has submitted to the jurisdiction of this nation's courts and process. Having availed itself of the privileges and protection of this forum's laws, Erwin Behr should expect to answer for its breach of that contract in this forum. Responding to depositions and producing documents in this forum is an appropriate element of Erwin Behr's responsibility for its contractual liability.

**IT IS HEREBY ORDERED** that defendant's motion for protective order is **DENIED.**

**SO ORDERED.**