**M & C CORPORATION, a Michigan Corporation, Plaintiff,**

v.

**ERWIN BEHR GmbH & COMPANY, KG, a German corporation, Heinz Etzel, Michel Karkour, and Sami Sarkis, jointly and severally, Defendants.**

No. CIV.A. 91–74110.

United States District Court, E.D. Michigan, Southern Division.

Jan. 25, 1999.

Russ E. Boltz, John C. Louisell, Cross Wrock, Detroit, MI, for M and C Corporation.

Larry J. Saylor, Elisa M. Angeli, Miller, Canfield, Paddock & Stone, Detroit, MI, David A. Ettinger, Richard D. Bisio, Honigman, Miller, Schwartz & Cohn, Detroit, MI, for Erwin Behr GmbH and Company, KG.

Jack A. Gibson, Jr., Kahn, Kahn, Gibson, PC, Troy, MI, for Behr Industries Corp.

## MEMORANDUM OPINION AND ORDER (1) DENYING DEFENDANT'S MOTION FOR ENTRY OF PARTIAL SATISFACTION OF JUDGMENT; (2) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS; (3) DENYING DEFENDANT'S MOTION TO DISSOLVE RECEIVERSHIP; AND (4) DENYING WITHOUT PREJUDICE MOTION BY BEHR INDUSTRIES, INC. TO INTERVENE

GADOLA, District Judge.

On May 12, 1998, the Sixth Circuit issued a decision remanding this case to this court. In the wake of that decision, the parties filed a number of motions, including:

1. a motion by defendant, Erwin Behr GmbH & Company, KG ("Erwin Behr"), for entry of partial satisfaction of judgment;

2. a motion by plaintiff, M & C Corporation ("M & C"), for discovery sanctions;

3. a motion by Erwin Behr to dissolve receivership; and

4. a·motion by Behr Industries, Incorporated to intervene.

For the reasons set forth below, this court will deny each of these motions.

### Factual Background

M & C is a manufacturer's representative located in Warren, Michigan, principally engaged in sales representation of manufacturers of parts and materials for United States and Canadian automobile companies. Erwin Behr is a German corporation which appointed M & C as its exclusive agent in Canada and the United States for sales of certain "real wood" interior panels for General Motors' luxury cars pursuant to a written contract in 1985. The written contract appointed M & C as the exclusive agent for five years and annually thereafter.

Erwin Behr terminated the contract on March 18, 1991, and M & C filed an action for breach of contract, improper termination of contract and tortious interference with contractual relations. Based on a clause in the contract providing that all disputes arising under the contract would be settled in accordance with the Rules of the Court of Arbitration of the International Chamber of Commerce, this court ordered that the case be arbitrated and stayed the judicial proceedings.

Arbitration was conducted in London, England, before Andrew W.A. Berkeley, distinguished English solicitor and barrister. On March 1, 1994, Arbitrator Berkeley issued an Award under the authority of the

International Court of Arbitration. The award granted eleven specific awards, a number of which required Erwin Behr to pay M & C specified money amounts. The Eighth Award, which is the primary subject of dispute remaining between the parties, requires performance by Erwin Behr of its obligations under Clause 6(e) of the commissions contract, requiring Erwin Behr to provide monthly copies of all purchase orders, acceptances and invoices for products sold in the United States and Canada. In addition, the Eighth Award requires payment by Erwin Behr of commissions, without offset of any kind other than due to product deficiencies due to quality or quantity or as a result of nonpayment to Erwin Behr, for all products sold in the United States and Canada, including specified "1992 Cadillac Business" and "1994 Cadillac 'K' Car Series" business.

The terms of these awards required payment in full, with respect to the awards other than the Eighth Award, on March 31, 1994. Erwin Behr, however, did not make any payment on the principal amount of any of these awards. As a result, M & C sought confirmation of the awards before this court. In orders entered on August 15, 1994 and March 20, 1995, this court confirmed each arbitral award, including the Eighth Award. Subsequently, the Sixth Circuit affirmed this court's orders confirming the arbitration awards. *See M & C Corp. v. Erwin Behr*, 87 F.3d 844 (6th Cir.1996) (*"Behr I"*). Despite these orders, Erwin Behr continued to withhold payment on the arbitration awards. Consequently, M & C filed a number of motions seeking enforcement of the awards and asking this court to hold Erwin Behr in contempt. On January 31, 1996, this court entered an order which imposed a limited receivership over any direct or indirect property interest held by Erwin Behr in Behr Industries, Inc. of Grand Rapids, Michigan and over any accounts or other property held by Erwin Behr in any of the branch offices of Deutsche Bank located in the United States. The January 31, 1996 order also granted M & C's motion for contempt with respect to Erwin Behr's failure to comply with the Eighth Award, and ordered Erwin Behr to purge its contempt by complying with the Eighth Award within thirty days. In addi-tion, this court noted in the January 31, 1996 order that:

> to date, M & C has issued no fewer than ten writs of garnishment, noticed several depositions of representatives of Erwin Behr and Behr Industries, and served interrogatories, requests for production of documents and admissions. Many of these valid discovery techniques have been resisted by Erwin Behr, particularly the depositions of the Behr Industries and Erwin Behr representatives. Erwin Behr's resistance to the orderly conduct of post judgment discovery is consistent with its prior attempts, both at the arbitral stage and in this court, to frustrate the development of this case and delay the ultimate payment of its obligation.

(Mem. Op. and Order of Jan. 31, 1996, at 16–17 (footnotes omitted).)

On May 2, 1996, Erwin Behr filed a motion for stay pending appeal and pending arbitration. On August 1, 1996, Erwin Behr filed another motion for stay pending arbitration or for a limitation of further enforcement proceedings. The gravamen of both motions was Erwin Behr's claim that the amount of commissions due pursuant to the Eighth Award with respect to the "1994 Cadillac 'K' Car Series" was a "new" dispute under the contract between the parties subject to arbitration. On August 20, 1996, this court entered an order denying both motions. On August 28, 1996, Erwin Behr filed a motion for reconsideration and clarification of this court's August 20, 1996 order. On September 27, 1996, this court granted Erwin Behr's motion for reconsideration and stayed M & C's "efforts to enforce the eighth arbitral award ... pending arbitration of the dispute surrounding the meaning of the 'orders ... received from the Customers within three years of termination' language in paragraph 7.3 of the commission contract." Paragraph 7.3 of the parties' commission contract provides, in relevant part:

> [Erwin Behr] shall ... be obligated to pay [M & C] commission on all new orders, which are not renewal or extension orders, received from the Customers within three (3) years following the date of termination of this Agreement but which were actively

solicited by [M & C] from the Customers prior to the date of such termination .... Specifically, this court held that the arbitrator had not decided, in the context of the first arbitration, what constitutes a "new order" under paragraph 7.3 of the parties' commission contract. M & C then filed a notice of appeal.

The bulk of the dispute on appeal rested on the classification, under the terms of the commission contract, of blanket "purchase orders" and alleged "release orders." Erwin Behr contended that the blanket "purchase orders" merely contain a list of the general terms of future purchases by a customer, and that the customer later issues a "release order" for a specific number of parts to be shipped on designated dates. Erwin Behr asserted that it was the "release order" that actually constitutes a "new order," and consequently, that Erwin Behr was not obligated to pay commission on any "release order" issued more than three years after the termination of the contract. Moreover, Erwin Behr argued that the arbitrator had failed to decide the issue of what constitutes a "new order" in the context of the first arbitration.

On May 12, 1998, the Sixth Circuit reversed this court's order staying further enforcement proceedings pending a second arbitration. *See M & C Corp. v. Erwin Behr*, 143 F.3d 1033 (6th Cir.1998)("*Behr II*"). The Sixth Circuit noted that the arbitrator's award, based on the language of ¶ 7.3, imposes a two-fold requirement:

1) the 'order' must be received prior to the three years following termination of the contract; and 2) such an order must have materialized as a result of the 'active[ ]' solicit[ation]' by M & C prior to the termination of the contract.

*Id.* at 1039. The court went on to hold:

"The only 'order' the arbitrator could have referred to was the form entitled 'Purchase Order,' not a form entitled 'Material Release.' The 'Purchase Order' is the only order that M & C had direct involvement in 'actively solicit[ing]' from customers. Whereas, it is based entirely on the customer's needs when the goods ordered via the Purchase Order are 'released.' The arbitrator determined, and this court

agrees, that the primary intent of the parties' agreement was to provide M & C the equitable relief of specific commissions for work that it had actively solicited. Thus, as the only 'order' that M & C had any involvement in actively soliciting were Purchase Orders, which were also the only 'orders' that were before the arbitrator to consider, the arbitrator has necessarily determined that 'new orders' refers to new 'Purchase Orders.' "

*Id.* Accordingly, because the court found that the arbitrator had already decided the issue of "what constitutes an order," there was no need for a stay of proceedings pending a second arbitration. The Sixth Circuit, therefore, remanded the case to this court for further proceedings consistent with its opinion.

Subsequent to remand of the case, on June 15, 1998, M & C served upon Erwin Behr a notice of deposition pursuant to Fed.R.Civ.P. 30(b)(6), directing Erwin Behr to produce documents and one or more corporate representatives as witnesses on July 1, 1998. On June 30, 1998, Erwin Behr tendered a check to M & C which included payment of $423,-380.32 in commissions and $44,783.10 in post-judgment interest. According to Erwin Behr, $423,380.32 represents the entire amount of commissions to which M & C is entitled related to the "1994 K Special" program. Because Erwin Behr believed that the June 30, 1998 check settled the outstanding dispute, Erwin Behr did not produce a corporate representative for deposition on July 1, 1998.

For its part, M & C asserts that it is entitled to at least $972,811.67 in commissions based on the sales data it has received to date. M & C also takes issue with Erwin Behr's calculation of the post-judgment interest in this case.

This central dispute, that is the question of the specific amount of commissions to which M & C is entitled pursuant to the Eighth Arbitral award, has given rise to the four motions currently pending before this court.

## Discussion

### 1. Erwin Behr's Motion for Entry of Partial Satisfaction of Judgment

In its motion for entry of partial satisfaction of judgment, Erwin Behr seeks a deter-

mination by this court that Erwin Behr has paid all amounts due to M & C related to the "1994 K Special" commissions referenced in the Eighth Arbitral Award. The gravamen of Erwin Behr's motion is its claim that the commissions are valued at $423,278.32, and Erwin Behr tendered a check to M & C on June 30, 1998 covering that amount of commissions. Erwin Behr also alleges that M & C is not entitled to an enhancement of damages or attorney fees pursuant to Mich. Comp. Laws § 600.2921. In response, M & C claims that the amount of commissions as calculated by Erwin Behr is inaccurate. In addition, M & C also claims that Erwin Behr's repeated attempts to thwart post-judgment discovery have prevented M & C from obtaining sufficient information to correctly calculate the amount of commissions owed.

█ Despite Erwin Behr's contention that its figures are accurate, this court finds, as will be discussed more fully below, that Erwin Behr's recalcitrance, particularly in providing a competent officer for deposition, has prevented M & C from obtaining sufficient information to verify the sales figures provided by Erwin Behr. Accordingly, this court will not hold, at this point, that the June 30, 1998 check tendered by Erwin Behr satisfies all amounts owing pursuant to the "1994 K Special" program portion of the Eighth Arbitral award.

Therefore, this court will deny Erwin Behr's motion for entry of partial satisfaction of judgment.

Aside from M & C's claim that it has not been given access to essential information related to Erwin Behr's sales, the primary dispute between the parties is a dispute related to the interpretation of the Sixth Circuit's holding in *Behr II*. M & C claims that the Sixth Circuit held that M & C is entitled to commissions for the "life of the part." M & C relies on the following language from the Sixth Circuit's opinion in *Behr II*:

> [I]t was ... the active solicitation of M & C prior to contract termination which resulted in the receipt of Purchase Orders during the three-year time frame, and it was the release of those 'new [purchase] orders' which triggered the receipt of mon-

ey from the customer and the 'commission payment[s] during the "life of [the] part." ' *Behr II*, 143 F.3d at 1040. Erwin Behr claims that despite this language, M & C is not entitled to commissions for the "life of the part." Erwin Behr relies on ¶ 7.3 of the commission contract, which provides that commissions shall be paid on all "new orders, which are not renewal or extension orders, received ... within three (3) years following the date of termination of this Agreement ...."

█ This court finds that, whatever special connotation the "life of the part" language may have in the industry, the plain language of the Sixth Circuit's holding in *Behr II* indicates that the only commissions to which M & C is entitled are commissions resulting from material releases issued on blanket Purchase Orders that are received within the three-year window subsequent to termination of the commission contract. Accordingly, the Sixth Circuit's holding that M & C is entitled to commissions for the "life of the part" means that M & C is entitled to commissions on each "1994 K Special" part ordered pursuant to a material release issued on any blanket Purchase Orders received *prior to March 18, 1994.*

As set forth above, this court finds that Erwin Behr has failed to establish at this stage that it has satisfied its obligation under the Eighth Arbitral award to pay those commissions.

*As a final matter, this court notes that the parties are in agreement that the issue of whether M & C is entitled to an enhancement of the monetary award or attorney fees is not properly before the court at this time. Therefore, this court will decline to make any finding on that issue at the present time.*

**2. M & C's Motion for Discovery Sanctions**

M & C's motion for discovery sanctions is based primarily on Erwin Behr's failure to produce a competent officer or director to testify on the corporation's behalf. Throughout the pendency of its efforts to collect on the judgment in this case, M & C has repeatedly submitted notices of deposition to

Erwin Behr pursuant to Fed.R.Civ.P. 30(b)(6). Under Rule 30(b)(6), Erwin Behr was required to "designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf ...." On two occasions, Erwin Behr sought protective orders to prevent M & C from deposing any of Erwin Behr's corporate representatives. Both times, this court denied the motions for protective order. In an order entered February 28, 1996, this court noted that:

> this request for a protective order appears to be just another component of a calculated strategy to delay payment of this judgment or to increase the costs of collection for M & C. This court will not permit Erwin Behr to whittle away at M & C's judgment by increasing the costs of collection.
>
> Finally, Erwin Behr's request for a protective order reflects a cultivated and blatant lack of respect for the authority of this nation's judicial process.... This court will not countenance such an attitude by protecting Erwin Behr from the full force and burden of its action in breaching a contract with a United States corporation.... Responding to depositions and producing documents in this forum is an appropriate element of Erwin Behr's responsibility for its contractual liability.

*M & C Corp. v. Erwin Behr*, 165 F.R.D. 65, 67–68 (E.D.Mich.1996). Despite this court's rulings, Erwin Behr did not provide a competent officer or director to testify prior to this court's September 27, 1996 order staying these proceedings pending further arbitration.

On June 15, 1998, after the Sixth Circuit vacated the September 27, 1996 order and remanded the matter to this court, M & C issued another subpoena pursuant to 30(b)(6), directing the appearance of a corporate representative of Erwin Behr on July 1, 1998. Erwin Behr did not produce a representative on that date, claiming that the June 30, 1998 check tendered to M & C resolved all outstanding disputes related to commissions owing on the "1994 K Special" parts. Erwin Behr contends that it had reached an understanding with M & C that the deposi-

tion would not proceed if Erwin Behr made a "substantial payment" on the commissions owing. M & C denies any such agreement.

As a result of these repeated unsuccessful discovery attempts, M & C filed the instant motion for discovery sanctions pursuant to Fed.R.Civ.P. 37(b). Rule 37(b)(2) provides, in relevant part:

> If ... officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) ... to testify on behalf of a party fails to obey an order [compelling discovery], the court ... may make such orders in regard to the failure as are just, and among others the following:
>
> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence ....

Accordingly, pursuant to Rule 37(b)(2), M & C now requests that this court enter an order deeming admitted certain facts evidence of which it has repeatedly sought to obtain through discovery. Specifically, M & C asks this court to deem as established that Erwin Behr owes M & C, through May 1998, $972,811.00 for unpaid commissions, less payment received and plus post-judgment interest. M & C also asks this court to deem admitted that Erwin Behr is the sole owner of Behr Industries Corporation, and that management of Behr Industries may be placed in the control of the receiver in this case. Finally, M & C seeks an order precluding Erwin Behr from attempting to disprove these facts.

■ This court does note that the conduct of Erwin Behr throughout the pendency of these collection proceedings has been deplorable. Moreover, the record clearly reflects that Erwin Behr has been repeatedly warned that continued contumacious conduct could result in drastic sanctions. This court finds, however, that Erwin Behr's most recent failure to comply with a valid subpoena

does not warrant the sanctions sought by M & C at this time. The subpoena was issued on June 15, 1998, scheduling an appearance for deposition on July 1, 1998. Between June 15, 1998 and July 1, 1998, it appears that the parties engaged in at least some discussion related to the amount of commissions still owed. While this court finds dubious Erwin Behr's claim that it believed M & C had consented to canceling the July 1, 1998 deposition upon receipt of the June 30, 1998 check, this court nonetheless finds it appropriate to extend one final opportunity to Erwin Behr to perform its discovery obligations.

Accordingly, this court will order Erwin Behr to comply with the terms of the June 15, 1998 subpoena within thirty (30) days of the date of entry of this order. Such compliance includes, but is not limited to, producing for deposition *in this jurisdiction*, one or more officers, directors, or managing agents to testify on Erwin Behr's behalf. In addition, this court would like to indicate in the most clear terms that *any* failure to comply with the terms of the subpoena for *any* reason may well result in an order granting M & C some or all of the relief M & C has sought in the motion for discovery sanctions.

Therefore, for the reasons set forth above, this court will deny M & C's motion for discovery sanctions without prejudice at this time.

### 3. Erwin Behr's Motion to Dissolve Receivership

This court's March 29, 1996 order appointing the receiver in this matter provided that the receiver would act until "the full amount of the confirmed monetary arbitral awards is paid or until further order of this court . . . ." In its motion to dissolve receivership, Erwin Behr claims that this condition has been satisfied. Specifically, Erwin Behr claims that it has paid all amounts due under the various arbitral awards entered in this case.

■ This court finds Erwin Behr's argument unavailing. The Eighth Arbitral award clearly contemplates the payment of monetary commissions. This court confirmed that award by order entered August 15, 1994.

Despite Erwin Behr's claim that its payment of $468,163.42 of commissions and post-judgment interest represents payment in full of the commissions owed under the Eighth Award, for the reasons set forth above, this court does not accept that claim as conclusive at this stage. Accordingly, Erwin Behr has yet to establish that it has paid all amounts due pursuant to the confirmed arbitral awards in this case.

Therefore, this court will deny Erwin Behr's motion to dissolve receivership.

■ This court also notes that Erwin Behr has asked this court to instruct the receiver to "cease all activities outside the scope of this Court's Orders and Michigan law . . . ." This court finds that Erwin Behr has failed to establish that the receiver has engaged in any that would warrant such an instruction from this court. Accordingly, Erwin Behr's request will be denied.

### 4. Motion by Behr Industries Corporation to Intervene

■ The primary purpose asserted by Behr Industries Corporation for its motion to intervene in this matter is to defend against M & C's motion for discovery sanctions which seeks, *inter alia*, a determination that the management of Behr Industries Corporation may be placed in the control of the receiver in this case. As set forth above, this court will deny M & C's motion for discovery sanctions. Accordingly, there is no basis, at this time, for intervention in this case. This court does note that if Erwin Behr fails to comply with the discovery ordered pursuant to the terms of this opinion, this court will revisit the issues raised by M & C's motion for discovery sanctions. In that event, this court will consider the impact of sanctions upon third-party entities at that time. At present, however, this court will not address that issue.

### Conclusion

This court having reviewed the submissions of the parties and being fully advised in the premises,

**IT IS HEREBY ORDERED** that Erwin Behr's motion for entry of partial satisfaction of judgment is **DENIED.**

**IT IS FURTHER ORDERED** that Erwin Behr shall provide one or more officers, directors, or managing agents, for deposition in this jurisdiction within thirty (30) days of the date of entry of this order, pursuant to the terms set forth in this order.

**IT IS FURTHER ORDERED** that M & C's motion for discovery sanctions is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that Erwin Behr's motion to dissolve receivership is **DENIED.**

**IT IS FURTHER ORDERED** that the motion to intervene filed by Behr Industries Corporation is **DENIED without prejudice.**

**SO ORDERED.**