*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0457p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

> *Plaintiff-Appellee,*

v.

No. 07-1343

CHARLES CONCES, Individually and d/b/a
CHAIRMAN of the NATIONAL LAWMAN
COMMITTEE(S) FOR THE PUBLIC INTEREST, an
unincorporated organization,

> *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 05-00739—Gordon J. Quist, District Judge.

Submitted: July 23, 2007

Decided and Filed: November 16, 2007

Before: BATCHELDER and DAUGHTREY, Circuit Judges; ROSEN, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** Gretchen M. Wolfinger, Michael J. Haungs, Richard T. Morrison, David I. Pincus, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. Charles Conces, Battle Creek, Michigan, pro se.

_____

## OPINION

_____

ROSEN, District Judge.

### I. *INTRODUCTION*

Plaintiff/Appellee United States of America commenced this suit on October 27, 2005 in the United States District Court for the Western District of Michigan, seeking to enjoin Defendant/Appellant Charles Conces from promoting an alleged tax-fraud scheme and engaging in

_____

[*] The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

other conduct that allegedly interfered with the administration and enforcement of the federal tax laws. After Conces failed to make the initial disclosures mandated under Fed. R. Civ. P. 26(a), the Government sought, and the district court granted, an order compelling these disclosures. When Conces did not comply with this order, the district court entered a default judgment against him, permanently enjoined him from promoting any scheme to avoid federal tax liability, and granted the Government permission to conduct post-judgment discovery to ensure his compliance with the terms of the court's injunctive award.

During post-judgment discovery, the Government served five interrogatories and a document production request upon Conces, who responded by answering only two of the interrogatories and refusing to provide the requested documents. After many delays due to Conces's numerous objections to the interrogatories, and after the entry of two orders directing him to respond to the Government's discovery requests, the district court entered a February 23, 2007 order finding Conces in civil contempt and directing that he be incarcerated until he purged this contempt by complying with the court's prior orders.

Conces now appeals from this order, raising a number of challenges to the district court's finding of contempt and to other rulings made in the course of the lower court proceedings. As explained below, we find that certain of the challenges advanced by Conces are not properly before us, and we affirm the district court's rulings as to all remaining issues.

## II. *FACTUAL AND PROCEDURAL BACKGROUND*[1]

According to the Government's complaint, Defendant/Appellant Charles Conces is the founder and chairman of the National Lawman Committees for the Public Interest (the "Lawmen"), an unincorporated organization based in Battle Creek, Michigan. The Government alleges that Conces has counseled and assisted clients in filing fraudulent tax returns, based on his belief that the Sixteenth Amendment's authorization of federal income taxation "without apportionment" extends only to corporate profits and not to unincorporated businesses or individuals. Conces also has allegedly promoted this belief through seminars, electronic mail groups, and Internet websites.

In October of 2005, the Government filed suit against Conces in the United States District Court for the Western District of Michigan, seeking to enjoin him from promoting his purportedly fraudulent schemes to avoid payment of federal income taxes.[2] In its plea for injunctive relief, the Government sought to (1) enjoin Conces from promoting or marketing any tax shelter that advises others to attempt to violate the internal revenue laws; (2) require Conces to contact persons he has assisted in preparing federal income tax returns and inform them of the court's findings; and (3) require him to provide these individuals' contact information to the Government. The Government also requested post-judgment discovery to monitor Conces's compliance with the requested injunction.

---

[1] We note that no joint appendix has been filed in this case. Hence, our recitation of facts derives principally from the parties' briefs, as supplemented by various materials culled from the district court record.

[2] Among the tax-fraud schemes identified in its complaint, the Government alleges that Conces has sold a "lawsuit package" that includes prepared letters threatening the Internal Revenue Service ("IRS") and its employees with civil and criminal action, sample lawsuits filed by Conces, and brochures entitled "How to File a Lawsuit in District Court" and "Winning in Court." This lawsuit package allegedly advises that the IRS and its employees have no legal authority to issue levies or require the filing of tax returns. According to the Government, at least 105 suits have been filed by individuals identifying themselves as "Lawmen" or using materials similar to those found in the package allegedly sold by Conces, but these actions have been repeatedly dismissed or otherwise defeated in court.

In February of 2006, the Government filed a motion to compel Conces to make the initial disclosures mandated under Fed. R. Civ. P. 26(a), as well as a motion for a preliminary injunction. On March 7, 2006, the district court granted the motion to compel and ordered Conces to make the requisite disclosures by March 21, 2006. In this order, the court expressly "note[d], for Defendant's benefit, that Rule 37(c)(1) authorizes a court to impose additional sanctions for a party's failure to disclose, up to and including 'rendering a judgment by default against the disobedient party.'" (3/7/2006 Order at 3 (quoting Fed. R. Civ. P. 37(b)(2)(C)).)

When Conces failed to make the disclosures ordered by the court, the Government filed a motion for entry of a default judgment against him as a sanction for his refusal to comply. Following a hearing on April 19, 2006, the court entered an April 24, 2006 default judgment against Conces as requested by the Government. In determining that this was an appropriate sanction, the district court found (1) that Conces's failure to cooperate in discovery and comply with the court's order was due to wilful bad faith; (2) that the Government was prejudiced by this lack of cooperation and compliance; (3) that Conces had been warned about the possibility of a default judgment; and (4) that a less drastic sanction was unlikely to have any effect in light of his past conduct. In addition, the court granted a permanent injunction, and gave its permission for the Government to pursue post-judgment discovery to monitor Conces's compliance with the court's injunctive award.[3]

In July of 2006, the Government served upon Conces its first post-judgment interrogatories and request for production of documents. These discovery requests sought information dating back to January 2002 regarding, among other matters: (i) any individuals for whom Conces drafted any portion of a federal income tax return (Interrogatory No. 2); (ii) any individuals for whom he drafted any portion of a letter to any government agency or to whom he provided advice related to federal income taxes (Interrogatory No. 3); (iii) all bank accounts held in Conces's name or the name of the Lawmen (Interrogatory No. 4); and (iv) any individuals with whom he had contact regarding, or who were responsible for, the Internet website "www.lawmenamerica.com" (Interrogatory No. 5). The Government also requested copies of all tax returns, letters, or other documents that Conces had assisted in drafting for the persons described in Interrogatories 2 and 3.

Conces initially responded by letter dated August 9, 2006, stating that he would respond to the Government's discovery requests only if "the court wishes that I respond to the Interrogatories under Oath before this matter is settled." When the Government advised Conces in an August 16, 2006 letter that it would seek an order from the court if he did not provide responses by August 25, 2006, Conces sent an August 18, 2006 letter to the Government in which he lodged various general objections to the Government's discovery requests[4] and answered only some, but not all, of the interrogatories.

Specifically, in answering Interrogatory 2, Conces stated that he could not "recall having drafted any federal tax returns for anyone during the period in question." Similarly, Conces responded to Interrogatory 3 by stating that he had "no lists of persons and their personal information" that were responsive to this interrogatory, and that "[a]s I recall, all documents were based on authoritative sources" such as the U.S. Constitution and rulings of the U.S. Supreme Court. He then objected to the interrogatories regarding his bank accounts and the Lawmen website,

---

[3] On May 8, 2006, Conces commenced an appeal from the April 24, 2006 order and judgment. However, he subsequently sent a letter that this court construed as a motion to dismiss his appeal, and this motion was granted on May 18, 2006.

[4] Conces continued to insist, for example — as he had throughout the district court proceedings, and as he again maintains on appeal — that the Government lacked the necessary authorization to commence a civil suit against him. He further asserted that the reasons given by the district court for issuing its injunction were false and were based on misrepresentations made by Government counsel.

claiming that they were "irrelevant due to the fact that the researched information contained large amounts of information, and was based on authoritative sources," and asserting that "[t]here never was at any time, an attempt to make false claims or false or misleading statements." Finally, in response to the Government's document request, Conces stated that he had not "done any tax returns [for other individuals], as I can recall, for the period in question," and he objected to the remainder of the request as overly broad, vague, and irrelevant.

In a September 5, 2006 letter to Conces, the Government maintained that his discovery responses and objections were deficient in various respects. First and foremost, the Government contended that Conces's interrogatory answers were inconsistent with his testimony at a June 21, 2006 hearing, at which he purportedly admitted (i) that he had provided the sorts of materials referred to in Interrogatory 3 to other individuals just "weeks before" the hearing, (ii) that he had received payments for selling his "research" to others, thereby implicating Interrogatory 4, and (iii) that he had corresponded by electronic mail with someone in California regarding the Lawmen website, thereby implicating Interrogatory 5. Accordingly, the Government asserted that Conces had lodged inappropriate objections to its discovery requests, and had failed to make the "reasonable inquiry" called for under Fed. R. Civ. P. 26(g)(1) in providing responses to these requests. The Government closed its letter by advising Conces that it would file a motion to compel if he did not supplement his responses by September 18, 2006.

Although Conces responded before this deadline, he did not provide any additional information or documentation as sought by the Government. Rather, in a letter dated September 13, 2006, Conces again advanced several general objections to the Government's discovery requests, as well as many of the same specific objections raised in his earlier letter. In addition, he contended that he could not identify any individuals in response to Interrogatory 3 because anyone was free to use the information collected in the "Library" — presumably, a resource maintained by the Lawmen — and because he did not have the power to restrict access to these materials, which consisted "almost entirely of publicly available information." Conces further opined that the word "drafted" as used in Interrogatory 3 was unclear. As to Interrogatories 4 and 5, beyond restating his objection that the information sought in these interrogatories was irrelevant, Conces asserted that he could not be compelled to identify any bank accounts or individuals involved with the Lawmen website absent a showing of "probable cause" for the Fourth Amendment "seizures" that these requests purportedly entailed.

Not satisfied with these responses, the Government sought an order compelling Conces to respond to its post-judgment discovery requests. At the conclusion of a November 1, 2006 hearing before a magistrate judge, the Government's motion was granted and Conces was ordered to provide responses to Interrogatories 3-5 and produce the documents requested by the Government within ten days. In addition, the magistrate judge expressly warned Conces that if he failed to comply, "the Court can impose sanctions in this matter including finding you in contempt of court."

Conces did not comply with this order and, on December 11, 2006, the Government filed a motion for an order to show cause why he should not be held in contempt. On January 7, 2007, the district court entered an order directing Conces to appear at a February 8, 2007 hearing and show cause why he should not be held in contempt for failing to comply with the magistrate judge's directives at the November 1, 2006 hearing. Following this February 8 hearing, the court issued an order that same day directing Conces to respond to the Government's outstanding discovery requests by February 16, 2007, and informing him that his "failure to provide complete answers as required by this Order shall result in Defendant being incarcerated until Defendant purges himself of contempt by answering the Government's discovery requests."

Once again, Conces failed to comply with the court's order. Instead, he served upon the Government two motions that the district court deemed frivolous, in which he demanded that the

district judge produce his "Oaths of Office" and challenged the court's subject matter jurisdiction.[5] Accordingly, the Government filed a renewed motion for contempt in accordance with the district court's instructions in its February 8, 2007 order. By order dated February 23, 2007, the court determined that Conces had willfully disregarded the February 8 order, found that he was in civil contempt of the court, and ordered him to report to the United States Marshals Service on March 1, 2007 and remain in custody "until such time as Defendant purges himself of contempt by providing complete answers to the Government's discovery requests, as directed in the February 8, 2007, Order."

When Conces reported to the U.S. Marshals Service on March 1, 2007, the district court convened a hearing to afford Conces one final opportunity to comply with the court's orders and produce the requested discovery responses and documents. Once again, however, he refused to provide any such responses, but instead reiterated his claims of Government misconduct, objected that the Government's requests were vague and violative of the Fourth Amendment, and professed an inability to respond to the Government's requests because of the purported lack of records of his activities and contacts. More generally, Conces contested the basis for the underlying judgment against him. Finding that none of this excused Conces's lack of compliance with its orders, the district court ordered his incarceration. This appeal followed, with Conces again representing himself (as he did throughout the proceedings in the court below).[6]

### III. *ISSUES RAISED ON APPEAL*

Conces seeks to raise the following issues in his brief on appeal:

(1)     Whether his activities as alleged in the complaint could properly be found to have interfered with the lawful collection of federal income taxes, where the Government purportedly lacks the authority to impose taxes on the income of individuals;

(2)     Whether the district court violated his Fourth Amendment rights by ordering him to respond to the Government's post-judgment discovery requests and ordering his incarceration without a showing of "probable cause" to believe that he committed a legal violation that would justify such "seizures";

(3)     Whether the district court violated his First Amendment right not to speak and his Fifth Amendment protection against self-incrimination by ordering him to respond to the Government's post-judgment discovery requests;

(4)     Whether the district court improperly permitted post-judgment discovery, where this discovery was predicated on an injunction and default judgment that, in Conces's view, were unlawfully entered, where the Federal Rules of Civil Procedure purportedly do not authorize post-judgment discovery, and where the information sought by the Government does not satisfy the standard of relevance set forth in Fed. R. Civ. P. 26;

---

[5] According to the Government, this was the nineteenth such jurisdictional challenge made by Conces during the course of the district court proceedings.

[6] It is not clear whether Conces remains incarcerated, or whether the district court ordered his release at some point after he commenced this appeal. The district court docket indicates that Conces was released from custody on April 23, 2007 — apparently so that he could return to his home and obtain and file certain information with the court by the following day — and no subsequent docket entry suggests that the district court ordered his return to custody. Moreover, Conces's most recent submission to this court is dated June 12, 2007 and lists his address as a private residence in Battle Creek, Michigan.

(5)     Whether the district court lacked jurisdiction because of the district judge's failure to keep his "Oaths of Office" on file and produce them upon the request of a party;

(6)     Whether the entry of a default judgment against Conces was improperly predicated on the district court's erroneous determination that he had not filed an answer to the complaint;

(7)     Whether Conces was denied due process and his right to be heard before the district court ordered his incarceration for civil contempt of court; and

(8)     Whether the Government improperly commenced this suit without first securing the authorizations purportedly required under the pertinent provisions of the Internal Revenue Code.

We first determine which of these challenges are properly before us, and then turn to the merits of those issues that are subject to our review.

## IV. *ANALYSIS*

**A.     Several of the Issues Raised in Conces's Brief on Appeal Are Not Properly Before This Court and Will Not Be Considered.**

In his present notice of appeal, Conces states that he is challenging only the district court's February 23, 2007 order finding him in civil contempt and ordering his incarceration until he purges this contempt. As we have previously explained, "[i]f an appellant . . . chooses to designate specific determinations in his notice of appeal — rather than simply appealing from the entire judgment — only the specified issues may be raised on appeal." *McLaurin v. Fischer,* 768 F.2d 98, 102 (6th Cir. 1985). As a general matter, then, Conces's designation of the district court's February 23, 2007 contempt order in his notice of appeal narrows our inquiry solely to those issues raised in Conces's appellate brief that relate to this particular order.[7]

Indeed, it is especially clear in this case that we lack the power to review the underlying April 24, 2006 default judgment and permanent injunction that preceded the contempt order. As noted earlier, Conces previously filed a May 8, 2006 notice of appeal from this judgment, as well as a May 16, 2006 amended notice of appeal. In orders dated May 18 and June 9, 2006, however, this court construed letters from Conces as motions to voluntarily dismiss these appeals, and then proceeded to grant these motions and dismiss his appeals. So far as may be discerned from the record, Conces made no effort to either reinstate these appeals or commence a renewed appeal from the district court's underlying default judgment and permanent injunction, and the 60-day period for appealing from the April 24, 2006 judgment and order has long since expired. *See* 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B).

As a result, we cannot consider several of the issues identified in Conces's brief on appeal. First, we cannot entertain Conces's claim that the district court's entry of a default judgment was

---

[7]As the Government acknowledges, while a civil contempt order is not, by itself, final and immediately appealable in the absence of a final judgment, the post-judgment contempt order entered by the district court in this case is considered final and reviewable. *See McAlpin v. Lexington 76 Auto Truck Stop, Inc.,* 229 F.3d 491, 500 (6th Cir. 2000). Accordingly, we have jurisdiction to address Conces's various challenges to this order.

erroneously predicated on the mistaken belief that he failed to answer the complaint.[8] Next, we cannot consider any challenges to the truth of the factual allegations in the Government's complaint — *i.e.,* Conces's assertion that the default judgment and permanent injunction rested upon false or disputed allegations, as well as his contention that, contrary to the allegations of the complaint, the Government failed to secure the requisite approval of the Secretary of the Treasury or an authorized delegate pursuant to 26 U.S.C. § 7408(a) prior to commencing this action[9] — because, upon the entry of a default judgment, Conces's liability was deemed to be established as a matter of law and the factual allegations of the complaint were no longer open to dispute. *See, e.g., Black v. Lane,* 22 F.3d 1395, 1407 (7th Cir. 1994); *Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc.,* 982 F.2d 686, 693 (1st Cir. 1993); *Alan Neuman Prods., Inc. v. Albright,* 862 F.2d 1388, 1392 (9th Cir. 1989); *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983). Finally, while the entry of a default judgment did not, by itself, necessarily foreclose Conces from seeking review as to whether the complaint's allegations were sufficient to state a claim and support a judgment of liability, *see Black,* 22 F.3d at 1407; *Alan Neuman Prods.,* 862 F.2d at 1392, his failure to timely appeal from the entry of this judgment precludes such review at this late date. It follows that Conces cannot challenge the sufficiency of the complaint's allegations to sustain a claim of interference with the collection of federal income taxes, notwithstanding his contention that the Government lacks the authority to tax individual income.[10]

This leaves only four issues for us to resolve in the present appeal. First, we must consider whether the district court violated Conces's rights under the First, Fourth, or Fifth Amendments to the U.S. Constitution by ordering him to respond to the Government's post-judgment discovery requests.[11] Similarly, we may entertain Conces's claims that the Government's post-judgment

---

[8]This contention plainly lacks merit in any event, where the default judgment was accompanied by an opinion in which the district court expressly recognized that Conces had filed an answer to the complaint, but nonetheless found that a default judgment was appropriate as a discovery sanction. Moreover, this opinion cited a prior March 7, 2006 order in which Conces was explicitly warned that his continued disobedience of court orders, "particularly with regard to discovery," would lead the court to "serious[ly] consider[]" the "entry of a default judgment as a sanction." Finally, it is clear that, in entering a default judgment, the district court properly considered and applied this court's four-part test for determining whether a default judgment is an appropriate sanction under Fed. R. Civ. P. 37(b)(2)(C) for a party's failure to comply with a discovery order. (*See* 4/24/2006 Opinion at 2-3 (applying the standard set forth in *Bank One of Cleveland, N.A. v. Abbe,* 916 F.2d 1067, 1073 (6th Cir. 1990)).)

[9]As the Government points out, Conces has offered nothing beyond pure conjecture that the requisite approval was not obtained. As support for this assertion, he points solely to the Government's lack of response to his demand for proof of the Secretary's authorization. There is no indication in the record, however, that such a demand was ever incorporated into a proper discovery request made to the Government prior to the entry of the default judgment. Thus, the Government had no obligation to provide evidentiary support for this allegation in its complaint. Moreover, while Conces further contends that the Government failed to secure the authorizations referenced at 26 U.S.C. § 7401, this provision applies only to "civil action[s] for the collection or recovery of taxes, or of any fine, penalty, or forfeiture," and thus does not govern the present suit for injunctive relief under 26 U.S.C. § 7408.

[10]As the district court correctly observed, however, this court has repeatedly rejected such challenges to the Government's authority to tax individual income and earnings. *See, e.g., Martin v. Comm'r,* 756 F.2d 38, 40 (6th Cir. 1985); *Perkins v. Comm'r,* 746 F.2d 1187, 1188 (6th Cir. 1984). While Conces suggests that the various appellate court rulings rejecting his position are contrary to the relevant Supreme Court precedents, this panel nonetheless is bound to follow the prior published decisions of this court, without regard for whether they might be mistaken in their reading of the Supreme Court's decisions.

[11]Although Conces's notice of appeal identifies only the February 23, 2007 contempt order as the subject of his appeal, the Government concedes that Conces also may challenge the district court's underlying February 8, 2007 order directing him to provide responses to the Government's discovery requests, as it was the violation of this underlying order that led to the contempt citation. *See Coleman v. Am. Red Cross,* 979 F.2d 1135, 1138 (6th Cir. 1992); *see also Piratello v. Philips Elecs. N. Am. Corp.,* 360 F.3d 506, 508-09 (5th Cir. 2004) (applying this same rule in the specific context of a post-judgment discovery order).

discovery effort was contrary to the Federal Rules of Civil Procedure and sought irrelevant information and materials. We also must address Conces's argument that he was denied due process and a right to be heard before being jailed for civil contempt. Finally, because jurisdictional challenges may be entertained at any time, we will consider whether the district court lacked subject matter jurisdiction in light of the district judge's failure to produce his "Oaths of Office" in response to Conces's repeated demands.

**B.      The District Court Did Not Violate Conces's Constitutional Rights by Ordering Him to Respond to the Government's Post-Judgment Discovery Requests.**

Conces's various constitutional challenges to the district court's underlying February 8, 2007 post-judgment discovery order are readily resolved. First, Conces has failed to identify any support for the proposition that ordinary discovery requests in civil litigation must satisfy the Fourth Amendment standard of probable cause, in addition to or apart from the usual standards set forth in the Federal Rules of Civil Procedure. There is no indication in the record that the Government's post-judgment discovery effort was intended to assist in any pending or anticipated criminal investigation or prosecution. Rather, the district court authorized post-judgment discovery for the limited purpose of monitoring Conces's compliance with the court's judgment and award of injunctive relief. So long as the Government's discovery requests were narrowly tailored to this purpose — and we find no basis for concluding otherwise — there was no need for the district court to undertake any sort of Fourth Amendment probable cause inquiry before ordering Conces to respond to these requests.

Neither has Conces suggested any way in which the district court's order posed a genuine threat to his Fifth Amendment privilege against self-incrimination. To the extent that he vaguely contends that any sort of response to the Government's post-judgment discovery requests might tend to incriminate him, his "blanket assertion" of a Fifth Amendment privilege is impermissible, and he has failed to "demonstrate [a] real danger[] of incrimination" if he were to respond to any particular discovery request. *Brennan v. Comm'r,* 752 F.2d 187, 189 (6th Cir. 1984). Moreover, the Supreme Court has explained that the Fifth Amendment protection against self-incrimination "does not extend to consequences of a noncriminal nature, such as threats of liability in civil suits." *United States v. Apfelbaum,* 445 U.S. 115, 125, 100 S. Ct. 948, 954 (1980). Nor may Conces properly interpose a Fifth Amendment objection to the Government's discovery effort on the ground that the Government's purportedly vague requests were designed to entrap him into committing perjury, because Conces's Fifth Amendment privilege does not "protect[] him against false testimony that he later might decide to give." *Apfelbaum,* 445 U.S. at 130, 100 S. Ct. at 957.

Finally, we find no merit in Conces's contention that the district court's order violated his First Amendment right of free association or privilege "not to speak." As the Government correctly observes, the courts have rejected comparable claims by promoters of unlawful tax-avoidance schemes that their First Amendment rights or privileges were violated through orders directing them to comply with discovery requests or enjoining them from continuing to promote these schemes. *See, e.g., United States v. Bell,* 414 F.3d 474, 484-85 (3d Cir. 2005); *United States v. Schiff,* 379 F.3d 621, 630-31 (9th Cir. 2004). We concur in the reasoning of these decisions, and therefore reject Conces's First Amendment challenge to the district court's post-judgment discovery order.

**C.      The District Court Acted in Accordance with the Federal Rules of Civil Procedure in Ordering Conces to Respond to the Government's Post-Judgment Discovery Requests.**

Conces fares no better in his contention that the district court's post-judgment discovery order was contrary to the Federal Rules of Civil Procedure. The Federal Rules expressly authorize discovery "[i]n aid of [a] judgment" in the manner otherwise "provided in these rules," Fed. R. Civ. P. 69(a), and the courts have confirmed that "[t]he scope of postjudgment discovery is very broad,"

*F.D.I.C. v. LeGrand,* 43 F.3d 163, 172 (5th Cir. 1995). The relevance of the information and materials sought in the Government's post-judgment discovery requests is clear, and Conces offers no argument to the contrary. Instead, he opposed these requests in the court below on constitutional grounds, by questioning the district court's jurisdiction, through semantic quibbles about the meaning of straightforward terms, and on the ground that he was unable to produce the information and documents sought by the Government. While we address the merits of these objections elsewhere in this opinion, it is evident that none of these challenges, even if well-founded, lends any support to Conces's generalized contention that the district court acted contrary to the Federal Rules by ordering him to respond to the Government's post-judgment discovery requests. Thus, we reject this claim of error in the district court's post-judgment discovery order.

**D.      The District Court Had No Obligation to Produce Any "Oaths of Office."**

Conces next challenges the district court's subject matter jurisdiction over this case, in light of the district judge's failure to comply with his demand to produce certain "oaths of office." Yet, the statutes upon which he principally relied in advancing this same jurisdictional challenge in the court below, 5 U.S.C. §§ 2906 and 3331,[12] apply by their terms only to individuals "elected or appointed to an office of honor or profit *in the civil service or uniformed services,"* 5 U.S.C. § 3331 (emphasis added), and not to judicial officers. *See Miller v. Johnson,* 541 F. Supp. 1165, 1171 (D.D.C. 1982). While federal judges have an analogous statutory obligation to take an oath before performing the duties of their office, *see* 28 U.S.C. § 453, nothing in this statute (or elsewhere in the law) requires that a district judge demonstrate to the satisfaction of a litigant in a particular case that he or she has taken this oath. Nor has Conces suggested any reason why a district court's subject matter jurisdiction over each case on its docket should hinge upon the district judge's ability or willingness to provide the parties with such proof of his or her compliance with § 453. Accordingly, the district court properly rejected this jurisdictional challenge as frivolous.[13]

**E.      The District Court Did Not Abuse Its Discretion in Holding Conces in Civil Contempt for Failure to Comply with Its February 8, 2007 Order.**

Having addressed Conces's various threshold challenges to the district court's rulings and subject matter jurisdiction, we now turn to the central issue on appeal — namely, whether the district court erred in holding Conces in civil contempt and ordering his incarceration until he complied with the court's February 8, 2007 order directing him to respond to the Government's post-judgment discovery requests. We review the district court's finding of contempt under an abuse of discretion standard. *Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 550 (6th Cir. 2006). "An abuse of discretion exists where the district court relied upon clearly erroneous findings of fact or applied an incorrect legal standard." *Id.*

A district court unquestionably has the power to hold a litigant in civil contempt for failure to comply with a discovery order. *See Int'l Union, United Mine Workers v. Bagwell,* 512 U.S. 821, 833, 114 S. Ct. 2552, 2560 (1994); *see also* 18 U.S.C. 401 (authorizing the federal courts to "punish by fine or imprisonment, or both," a party's "[d]isobedience or resistance to [a] lawful . . . order"); Fed. R. Civ. P. 37(b)(2)(D) (providing that a court may "treat[] as a contempt of court" a party's failure to comply with a discovery order). To warrant such a finding, however, the moving party

---

[12]Conces's argument on appeal, in contrast, is not supported by any statutory authority whatsoever.

[13]Apart from the Lawmen website at issue in this case, we understand that other websites in the nether regions of the Internet advocate this same tactic — *i.e.,* demanding that federal judges establish their jurisdiction by producing copies of various oaths — as well as more generally urging litigants, particularly in tax cases, to challenge the authority of federal judges.    We do not wish to dignify or draw undue attention to such websites by naming them here. We hope, nonetheless, that our opinion in this case will help speed the demise of this particular "urban legend."

— here, the Government — must prove by clear and convincing evidence that the party to be held in contempt violated a court order. *See Grace v. Ctr. for Auto Safety*, 72 F.3d 1236, 1241 (6th Cir. 1996). The order in question must be "definite and specific," and "ambiguities must be resolved in favor of persons charged with contempt." *Id.* (internal quotation marks and citations omitted).

In this case, the multiple orders issued by the district court could not have been more clear and specific in setting forth Conces's obligation to provide responses to the Government's outstanding post-judgment interrogatories and document requests. When the Government received only partial responses to these requests, along with a number of objections, it sought and obtained an order compelling full and complete responses. Specifically, at the conclusion of a November 1, 2006 hearing, the magistrate judge granted the Government's motion to compel and expressly ordered Conces to "answer interrogatories three, four, and, five, and request to produce number one within the next ten days of today's date." (11/1/2006 Hearing Tr. at 46.) The magistrate judge cautioned Conces that if he failed to comply, "the Court can impose sanctions in this matter including finding you in contempt of court." (*Id.*)

Despite this clear instruction and warning, Conces failed to obey the magistrate judge's order, and the Government responded by moving for an order to show cause why he should not be held in contempt. The district court granted this request in a January 7, 2007 order, finding "reason to believe" that Conces had not complied with the magistrate judge's directive, and instructing him to appear at a February 8, 2007 hearing and show cause "why he should not be held in contempt for failing to comply with this order." At the conclusion of this hearing, the district court granted Conces yet another opportunity to provide responses to the Government's post-judgment discovery requests, stating in a February 8, 2007 order that Conces "shall answer the Government's interrogatories Nos. 3, 4, and 5, and request to produce No. 1 by 5:00 p.m. on February 16, 2007." In addition, Conces was once again warned of the consequences of his failure to obey this order, with the district court expressly cautioning that Conces's "failure to provide complete answers as required by this Order shall result in [Conces] being incarcerated until [he] purges himself of contempt by answering the Government's discovery requests."

Once again, however, Conces did not comply, but instead filed two motions that the district court deemed frivolous. Consequently, at the conclusion of a February 23, 2007 hearing on the Government's renewed motion for contempt, the district court entered an order finding that Conces had "willfully disregarded this Court's Order" and holding him in civil contempt. The district court further ordered that Conces was to report to the United States Marshals Service a few days later, on March 1, 2007, where he would remain in custody "until such time as [he] purges himself of contempt by providing complete answers to the Government's discovery requests, as directed in the February 8, 2007, Order."

While Conces has raised a number of challenges touching upon each and every aspect of the district court proceedings, he does not (and cannot) seriously contend that he was in any way uncertain about the nature and scope of his obligations under the district court's orders. On at least two occasions, the district court explicitly instructed Conces to respond to the Government's interrogatories three through five and its request for production, and also warned him on both occasions that his failure to do so could result in his being held in contempt of court. Similarly, at two separate hearings, on November 1, 2006 and February 8, 2007, Conces was given an opportunity to state his objections to the Government's discovery requests and identify any reasons why he could not comply with one or more of these requests. Under this record, we readily conclude that the district court did not abuse its discretion in finding clear and convincing evidence of Conces's disobedience of a definite and specific order.

This same record leads us to emphatically reject Conces's claim that the district court failed to provide the due process protections to which he was entitled before holding him in civil contempt

and ordering his incarceration. Initially, we note that the district court properly classified its sanction as civil contempt, because Conces could "purge the contempt and obtain his release" at any time by providing discovery responses in compliance with the court's orders, and "thus carrie[d] the keys of his prison in his own pocket." *Bagwell,* 512 U.S. at 828, 114 S. Ct. at 2558 (internal quotation marks and citation omitted). Under these circumstances, Conces was entitled only to "notice and an opportunity to be heard." 512 U.S. at 827, 114 S. Ct. at 2557.

In at least two separate instances, at the November 1, 2006 hearing and in the February 8, 2007 order issued at the conclusion of still another hearing, Conces was explicitly notified that he faced a civil contempt sanction if he did not provide discovery responses as instructed by the district court. In addition, Conces was given opportunities at both the November 1, 2006 and the February 8, 2007 hearings to explain why he had yet to comply with the court's orders. The district court then conducted still another hearing on February 23, 2007 before adjudging Conces in contempt. Finally, the district court granted Conces one final opportunity to be heard on March 1, 2007 before ordering his incarceration. All of this provided an ample procedural basis for the imposition of a civil contempt sanction.

Neither can we accept Conces's contention that the district court's finding of civil contempt impermissibly rested upon discovery obligations that he was unable to fulfill. It was Conces's burden to produce evidence in support of a claimed inability to comply with the district court's orders to provide discovery, *see United States v. Rylander*, 460 U.S. 752, 757, 103 S. Ct. 1548, 1552 (1983), and he was obliged to make this showing "categorically and in detail," *Glover v. Johnson*, 934 F.2d 703, 708 (6th Cir. 1991) (internal quotation marks and citation omitted). Moreover, the "test is not whether [Conces] made a good faith effort at compliance," but rather whether he "took all reasonable steps within [his] power to comply with the court's order." *Glover,* 934 F.2d at 708 (internal quotation marks and citation omitted). Conces fell far short of such a showing here, where he made inconsistent statements regarding his ability to answer the Government's interrogatories and provide the requested documentation, and where he generally offered frivolous objections and semantic quibbles in lieu of cogent argument and evidence as to the steps he had taken to comply with the court's instructions and the impediments to any further compliance.

Finally, we recognize that incarceration is a severe sanction for a party's failure to comply with a discovery order, and that this measure ordinarily should be employed only as a last resort. Yet, it is difficult to imagine a more compelling case than the present one for the imposition of this sanction. "The district court has inherent authority to fashion the remedy for contumacious conduct," *Liberte Capital Group*, 462 F.3d at 557, and incarceration is among the authorized remedies, *see Bagwell,* 512 U.S. at 828, 114 S. Ct. at 2557 (observing that "[t]he paradigmatic coercive, civil contempt sanction . . . involves confining a contemnor indefinitely until he complies with an affirmative command"). The record in this case amply supports the district court's determination that nothing short of Conces's imprisonment would secure his compliance with the court's orders, where he refused throughout the district court proceedings to participate in discovery or comply with the court's orders, and where, even in the face of imminent incarceration, he continued to interpose frivolous arguments and objections rather than indicating any sort of willingness to provide discovery responses in accordance with the court's clear and repeated instructions.[14] Our sister circuits have affirmed orders of incarceration for civil contempt under comparable circumstances, *see, e.g., United States v. Teeple*, 286 F.3d 1047 (8th Cir. 2002); *United States v. Brumfield,* 188 F.3d 303 (5th Cir. 1999), and we likewise affirm the district court's order in this case.

---

[14]Because the district court ordered Conces's incarceration as a sanction for his civil contempt, and not as a penalty for any criminal violation, we reject Conces's contention that he was imprisoned without a proper Fourth Amendment showing of "probable cause."

**V.  *CONCLUSION***

For the reasons set forth above, we AFFIRM in all respects the district court's February 23, 2007 order holding Defendant/Appellant Charles Conces in civil contempt and ordering his incarceration conditioned upon his compliance with the court's prior orders directing him to respond to the Government's post-judgment discovery requests.