United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 3, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

NO. 03-50772
Summary Calendar

_____

MARIO PIRATELLO,

Plaintiff-Counter Defendant-Appellant,

versus

PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, ET AL.,

Defendants;

PHILIPS ELECTRONICS NORTH AMERICA CORPORATION,

Defendant-Counter Claimant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas

_____

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:

Before the panel is a motion carried with the case which argues that this court lacks appellate jurisdiction over an order compelling a judgment debtor to appear for a post-judgment deposition, respond to questions regarding the identity, amount, and location of his assets, and produce a variety of documents requested by the judgment creditor. Because we find that this panel lacks appellate jurisdiction over this action at the present juncture, we **DISMISS** the appeal.

## I.  BACKGROUND

Mario Piratello was employed by Philips North America as a senior plant manager from 1988 to 1999.  An internal investigation conducted by Philips suggested that Piratello had defrauded Philips during his employment.  Piratello was fired.  Piratello responded to his dismissal by filing an action in federal court alleging, inter alia, a breach of contract and a violation of the Employee Retirement Income Security Act of 1974 ("ERISA").  Philips counter-claimed for the losses sustained as a result of Piratello's allegedly fraudulent activities.  The case was tried to a jury and resulted in a complete loss for Piratello and a complete victory for Philips.  The district court entered a judgment against Piratello for $1,000,000 plus costs.  Piratello filed a notice of appeal with this court, but the appeal was dismissed for want of prosecution when Piratello failed to timely order a transcript.

While the appeal was pending, Philips attempted to depose Piratello to determine the identity, amount, and location of his assets to collect on its judgment.  Piratello appeared at the deposition but refused to answer any questions, including basic information about himself, and asserted his Fifth Amendment right against self-incrimination.  In addition, Piratello failed to produce any of the documents requested by Philips.  Philips then filed a motion to compel Piratello to answer questions regarding his assets, produce various documents, and enjoin Piratello from

2

disposing of any assets in excess of $500. The motion was granted in part and denied in part by the district court. On June 25, 2003, the district court ordered Piratello to appear in Washington, DC, by July 7, to answer questions regarding his assets and to produce the documents requested by Philips. In the same order, the district court denied Philips's request for an injunction against Piratello, but noted that it might reconsider the request for an injunction at a later date.

Instead of appearing for his deposition on the requisite date, Piratello filed a notice of appeal with this court challenging the district court's order of June 25, 2003. Philips moved to dismiss, arguing that this court lacks jurisdiction over Piratello's appeal. We carried the motion with the case and ordered briefing from the parties.

## II. DISCUSSION

Subject to specific exceptions, this court's jurisdiction is limited to the review of "final decisions of the district courts of the United States . . . except where a direct review may be had in the Supreme Court." 28 U.S.C. § 1291 (2000). As a general matter, discovery orders do not constitute final decisions under § 1291, and therefore, are not immediately appealable. See A-Mark Auction Galleries, Inc. v. Heritage Capital Corp., 233 F.3d 895, 897 (5th Cir. 2000) (citing Church of Scientology v. United States, 506 U.S. 9, 18 n.11 (1992)). The Supreme Court has held that a

3

party that wishes to immediately appeal a discovery order "must [first] refuse compliance, be held in contempt, and then appeal the contempt order." Church of Scientology, 506 U.S. at 18 n.11 (citing United States v. Ryan, 402 U.S. 530 (1971)).[1] In addition, the basis of Piratello's claim - the Fifth Amendment's privilege against self-incrimination - does not, standing alone, entitle him to an interlocutory appeal. See Maness v. Meyers, 419 U.S. 449, 458-461 (1975) (no interlocutory appeal of an order refusing to quash a subpoena for materials that arguably violated the subpoenaed party's Fifth Amendment privilege against self-incrimination).

While this court has not previously held that the requirement of a sanction prior to an appeal specifically applies to post-judgment discovery orders to judgment debtors, we see no reason to treat such orders differently. See Richmark Corp. v. Timber Falling Consultants, Inc., 937 F.2d 1444, 1449 (9th Cir. 1991) (holding that post-judgment orders granting discovery, such as those relating to judgment debtors "are not considered final judgments and may be appealed only after the issuance of a contempt order for failure to comply"); Rouse Construction Int'l Inc. v.

---

[1] As to non-parties, however, the rule is different: "a discovery order directed at a disinterested third party is treated as an immediately appealable final order because the third party presumably lacks a sufficient stake in the proceeding to risk contempt by refusing compliance." Church of Scientology, 509 U.S. at 18 n.11 (citing Perlman v. United States, 247 U.S. 7 (1918)). Further, the Supreme Court has carved out an exception for pre-contempt appeals by the President of the United States to avoid unnecessary constitutional confrontations between two coordinate branches of government. See United States v. Nixon, 418 U.S. 683 (1974).

<u>Rouse Construction Corp.</u>, 680 F.2d 743, 746 (holding that "the granting of a post-judgment discovery motion is not an appealable final order") (11th Cir. 1982); <u>see</u> <u>also</u> <u>In re Joint E. & S. Dists.</u> <u>Asbestos Litig.</u>, 22 F.3d 755, 760 (7th Cir. 1994) (noting that, every circuit to have considered the question has held that "as a general rule, an order authorizing discovery in aid of execution of judgment is not appealable until the end of the case").

Piratello argues that the collateral order doctrine provides another exception to the finality doctrine that allows his appeal to proceed. <u>See</u> <u>Cohen v. Beneficial Indus. Loan Corp.</u>, 337 U.S. 541 (1949) (setting out the collateral order doctrine). This court has indicated its agreement with the Fourth Circuit's view that the availability of an appeal through a contempt order renders the collateral order doctrine inapplicable to discovery orders. <u>See</u> <u>A-Mark Auction Galleries</u>, 233 F.3d at 898-99 (noting, with approval, the holding of <u>MDK, Inc. v. Mike's Train House, Inc.</u>, 27 F.3d 116, 119 (4th Cir. 1994)).

Piratello also argues that this appeal is proper under 28 U.S.C. § 1292(a)(1), which grants the court of appeals jurisdiction over interlocutory injunctive orders. Piratello contends that the district court's denial of the injunction to Philips, with an indication that the court might grant one at a later date, was a modification within the meaning of this statute. This argument is meritless — the district court order did not "modify" an injunction because there was no injunction on file to modify. Nor is

Piratello a "party aggrieved" by the denial of the injunction sought by Philips.

Therefore, in order to sustain an appeal, Piratello must choose to disobey the district court's order and endure the district court's sanction.

For these reasons, we **DISMISS** this appeal for lack of jurisdiction.