United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 4, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10210
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

RONNY L. PACE,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:01-CR-22-ALL-C
---------------------

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Ronny L. Pace appeals the district court's order denying his requests for both a stay of his 28 U.S.C. § 2255 proceedings and the transcript of his grand jury proceedings.  Pace contends that the grand jury transcript is necessary for the development and resolution of his 28 U.S.C. § 2255 proceedings, which were still pending when he filed his notice of appeal.

     The district court entered final judgment in Paces's 28 U.S.C. § 2255 proceedings during the pendency of this appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

However, Pace's premature notice of appeal precludes appellate jurisdiction because the district court could not have certified pursuant to FED. R. CIV. P. 54(b) the order appealed as final. See Young v. Equifax Credit Info. Servs., 294 F.3d 631, 634 n.2 (5th Cir. 2002); FED. R. CIV. P. 54(b). Additionally, the order appealed is not a nonfinal judgment to which the collateral order exception applies. See 28 U.S.C. § 1292; Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949). Moreover, orders denying discovery requests incident to a pending action are not immediately appealable, save certain narrow exceptions inapplicable to the instant case. See Piratello v. Philips Elecs. N. America Corp., 360 F.3d 506, 508 (5th Cir. 2004); Texaco, Inc. v. Louisiana Land & Exploration Co., 995 F.2d 43, 43-44 (5th Cir. 1993). We therefore lack jurisdiction to entertain the appeal. The Government's motion to dismiss is GRANTED, and the appeal is DISMISSED for lack of jurisdiction.

MOTION TO DISMISS GRANTED; APPEAL DISMISSED.