**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0303n.06
Filed: May 2, 2006

**No. 05-1563**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

JOY & MIDDLEBELT SUNOCO, INC;
MAROUN FAWAZ,

      **Plaintiffs-Appellees,**

v.

FUSION OIL, INC.,

      **Defendant-Appellant,**

SUNOCO, INC.,,

      **Defendant**

                         /

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

**BEFORE:**    **MOORE, COLE, and CLAY, Circuit Judges.**

      **CLAY, Circuit Judge.**  Defendant, Fusion Oil, appeals a March 17, 2005 order of the

United States District Court for the Eastern District of Michigan, holding Defendant in contempt of

a preliminary injunction, imposing coercive sanctions, and awarding Plaintiffs, Joy & Middlebelt

Sunoco, Inc. and Maroun Fawaz, compensatory damages.  For the reasons set forth below, we

**DISMISS** the appeal for lack of subject-matter jurisdiction.

**I.**

Plaintiffs, Joy & Middlebelt Sunoco, Inc. and owner Maroun Fawaz, operated a gas station in Westland Michigan through a franchise agreement with Defendant Sunoco, Inc. On December 14, 2004, Plaintiffs filed a complaint in the United States District Court for the Eastern District of Michigan against Defendants Sunoco, Inc. and Fusion Oil, Inc. The complaint alleged that Defendant Sunoco violated the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801-06, by assigning its franchise agreement with Plaintiff Joy & Middlebelt to Defendant Fusion Oil. The complaint further alleged that Defendant Fusion Oil violated the Petroleum Marketing Practices Act by failing to negotiate and renew the franchise agreement in good faith and by unilaterally raising rent.

On January 4, 2005, the district court entered a preliminary injunction in the instant action, requiring Defendant Fusion Oil to continue daily fuel deliveries to Plaintiffs. The preliminary injunction set the price of fuel at 3 cents above the rack price. Despite the preliminary injunction, between January 21, 2005 and January 28, 2005, Defendant Fusion Oil refused to deliver fuel to Plaintiffs. Plaintiffs moved for sanctions. On March 17, 2005, the district court issued an order holding Defendant Fusion Oil in contempt of the preliminary injunction. The court ordered Defendant Fusion Oil to pay Plaintiffs $7,000 in compensatory damages for the period between January 21 and 28, 2005, as well as $1,000 per day until arrangements were made for fuel delivery. Additionally, the order reaffirmed the fuel price set forth in the January 4, 2005 preliminary injunction.

On March 30, 2005, however, the parties agreed to dissolve the January 4, 2005 preliminary injunction. As a condition of the agreement, Plaintiffs agreed to return possession of the Westland gas station to Defendant Fusion Oil. The district court officially dissolved the preliminary injunction on April 7, 2005, thereby relieving Defendant Fusion Oil of the duty to deliver fuel to Plaintiffs at 3 cents above the rack price and correspondingly the obligation to pay $1,000 per day until reaching compliance. Additionally, the district court ordered Plaintiffs to return possession of the Westland station to Defendant Fusion Oil immediately. Plaintiffs' claims under the Petroleum Marketing Act, as well as Defendant Fusion Oil's counter-claims, are now pending with in the district court. Nonetheless, on April 13, 2005, Defendant Fusion Oil appealed the March 17, 2005 contempt order.

## II.

In its brief on appeal, Defendant Fusion Oil asserted jurisdiction under 28 U.S.C. §§ 1291 and 1292(a). Plaintiffs challenged Defendant's conclusory jurisdictional assertions in its response briefs, yet Defendant failed to file a reply brief explaining the basis for this Court's jurisdiction. Therefore, Defendant failed to meet its burden of establishing this Court's jurisdiction; therefore we hereby dismiss this suit. *See United States v. Layne*, 192 F.3d 556, 566 (1999) (holding that issues which are not "fully developed and argued" on appeal or are addressed in a "perfunctory manner" are waived for appellate review).

Although Defendant's failure to argue subject-matter jurisdiction alone is sufficient grounds for dismissal, we note that neither 28 U.S.C. § 1291 nor § 1292 provide this Court with subject-matter jurisdiction over the instant appeal. Section 1291 grants this Court jurisdiction to hear

appeals from "final orders" of the district courts, whereas § 1292 grants this Court jurisdiction to hear appeals from orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions issuing preliminary injunctions." 28 U.S.C. §§ 1291,1292 (2006). Inasmuch as the March 17, 2005 order is not a "final order" within the meaning of § 1291, and is moot as to the extent that it granted injunctive relief, the order is not currently appealable.

First, the March 17, 2005 order is not a final order within the meaning of § 1291. The order is a civil contempt order, which is not considered a final order in this Circuit. *See Peabody Coal Co. v. Local Union Nos. 1734, 1508, & 1548, United Mine Workers of Am.*, 484 F.2d 78, 82-83 (6th Cir. 1973); *see also Coca-Cola Co. v. Purdy*, 382 F.3d 774, 792 (8th Cir. 2004); *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 500 (6th Cir. 2000) ("[A] judgment of civil contempt is not itself a final decree, and therefore is not [itself] appealable in the absence of a final judgment.") (internal citations omitted); Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3917 (2d ed. 1991) (restating the general rule that civil contempt orders in pending cases are not appealable as final orders). Civil contempt is distinguished from criminal contempt in that civil contempt orders impose remedial damages and sanctions intended to coerce compliance with court orders, whereas criminal contempt orders punish a party for past behavior. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994) ("[A] contempt fine accordingly is considered civil and remedial if it . . . compensate[s] the complainant for losses sustained.") Inasmuch as the March 17, 2005 order granted Plaintiffs compensatory damages and imposed future payments on Defendant commensurate with estimated future damage to Plaintiffs, it is a civil contempt order. As such, it is only appealable where some other basis for jurisdiction

exists, such as a final judgment or an appealable interlocutory order, *Baylock v. Checker Oil Co.*, 547 F.2d 962, 965 (6th Cir. 1976), or where the appealing party is not a party to the underlying lawsuit, *see Alexander v. United States*, 201 U.S. 117 (1906); *see also United States ex rel Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, – F.3d – , 2006 WL 908768 (6th Cir. April 11, 1006) (discussing *Alexander*).

Section 1292(a) does not provide an alternative basis for subject-matter jurisdiction. The March 17, 2005 order is moot to the extent it granted injunctive relief appealable under § 1292(a). The district court's April 7, 2005 order dissolving the preliminary injunction relieved Defendant of the obligation to deliver fuel to Plaintiffs. Because Defendant no longer has any obligation to deliver fuel to Plaintiffs, Defendant has no obligation to pay Plaintiffs $1,000 per day until such deliveries occur or to sell fuel to Plaintiffs at the price set forth in the March 17, 2005 order. Accordingly, there is no order granting, denying, or modifying injunctive relief from which Defendant seeks relief, and we cannot review Defendant's claims under § 1292(a).

## III.

For the foregoing reasons, we **DISMISS** the instant appeal for lack of subject-matter jurisdiction.